McQueen v. Mata 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-001-CV

     SYNNACHIA McQUEEN,
                                                                                              Appellant
     v.

     RAUL J. MATA AND TEXAS DEPARTMENT OF
     CRIMINAL JUSTICE INSTITUTIONAL DIVISION,
                                                                                              Appellees
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 28,174
                                                                                                    

O P I N I O N
                                                                                                    

      This is an appeal from the dismissal of an in forma pauperis action filed pursuant to Rule 145
of the Texas Rules of Civil Procedure.


 The trial court dismissed the cause as frivolous and
malicious because the claim has no arguable basis in law or in fact.


 The trial court should be
allowed broad discretion when determining whether a suit filed pursuant to Rule 145 should be
dismissed as frivolous or malicious under section 13.001.


 We conclude that the trial court did
not abuse its discretion in dismissing the cause because the claim has no arguable basis in law or
fact. Accordingly, we affirm.
      McQueen's petition purports to be a civil complaint against Captain Raul Mata, a Disciplinary
Hearing Officer at the Hughes Unit, and the Texas Department of Criminal Justice Institutional
Division, pursuant to section 500.002 of the Texas Government Code, for depriving him of $22.64
at a disciplinary hearing in violation of the due process clause of the Fourteenth Amendment of
the United States Constitution and the due course of law clause of article I, section 19, of the
Texas Constitution. Section 500.002(d), however, does not create a cause of action or waive any
immunity available to the state or its employees.


 Instead, it establishes the procedure for an
inmate to appeal a ruling awarding damages to the institutional division for an inmate's intentional
damage to property belonging to the state.


 Construing McQueen's petition liberally, we view it
as an attempt at such an appeal.
      McQueen alleged that the disciplinary hearing officer violated the procedures promulgated by
the Texas Department of Criminal Justice in seizing $22.64 from his inmate trust fund for
destruction of a pair of handcuffs. McQueen relies upon the Disciplinary Rules and Procedures
for Inmates, which provide guidelines intended "to assist the unit disciplinary hearing officer in
arriving at fair and appropriate sentences" assessed under section VII.A.


 One of these
"guidelines" requires the hearing officer to take into consideration the "[e]xtent of injury to
persons or damage to property caused by the offense(s)."


 McQueen alleged that the hearing
officer did not hear any evidence "demonstrating the extent of the damage done to the handcuffs." 
However, McQueen does not complain of a penalty assessed under section VII.A, such as loss of
privileges, reduction in class, or loss of good conduct time.


 Instead, the institutional division
seized the contents of McQueen's trust fund under section VIII.C.


 According to section VIII.C,
"specific guidance for processing this charge is provided in Administrative Directive 14.61." 
      McQueen also alleged that the hearing officer violated the procedures set out in AD-14.61
because he failed to "make a determination regarding the cost of repairing the property or, if it is
not feasible to repair it, the cost of replacing the property."


 He complains that the hearing
officer charged the full amount of replacing the handcuffs without relying on any documented
evidence of the cost of repair or replacement. In his petition, however, he judicially admits that
the hearing officer informed him that his evidentiary complaints should be addressed on appeal and
that documentation supporting the ruling, including photographs of the handcuffs, would be
attached to the Disciplinary Report and Hearing Record. In light of McQueen's allegation that the
hearing officer seized $22.64 from his trust fund for the destruction of the handcuffs, we find that
his petition failed to allege facts sufficient to demonstrate that the hearing officer did not make the
requisite determinations with regard to the cost of replacing the handcuffs.
      Furthermore, the petition does not allege and the record does not reflect that McQueen filed
a timely motion for rehearing, which is a prerequisite to such an appeal.


 We note that, contrary
to the statutory requirements of section 500.002 of the Texas Government Code


 and the
Grievance Procedures promulgated by the Department of Criminal Justice,


 Administrative
Directive 14.61 authorizes an inmate to appeal the decision of the hearing officer with respect to
damages by utilizing the inmate grievance procedures.


 Although McQueen also attempted to
appeal the decision of the hearing officer by utilizing the grievance procedures, he had not yet
exhausted those administrative remedies when he filed this petition.



      Because McQueen failed to demonstrate that he satisfied the prerequisite to a direct appeal in
the district court, and because he failed to allege facts sufficient to demonstrate that the hearing
officer had violated a mandatory procedure, we conclude that the trial court did not abuse its
discretion in dismissing the cause of action as having no basis in law or fact.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice
Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed March 9, 1994
Do not publish